JOSEPH DIXON *et al.* Appellants, *against* ALFRED E. BEACH, Respondent.

(Decided June 16th, 1879.)

Where upon a motion to vacate an order of arrest the proceedings of the board of trustees of a private corporation were material, and the sworn official records of the trustees' meetings were introduced by the defendant and were attacked by the plaintiff, mainly by his own unsupported affidavit, as having been fabricated and falsified,—*Held*, that however strongly the plaintiff's evidence on this point might be supported on a trial of the issues, the court, upon a motion to vacate the order of arrest, were bound to rely upon the sworn official records.

Where the plaintiff, being the owner of certain corporate stock, had executed an assignment of such stock to the corporation, together with a power of attorney to the president thereof to make all necessary transfers on the company's books, and the defendant as such president made endorsements on the plaintiff's certificate of stock which was in the possession of the company, for the purpose of effecting such transfer, and the plaintiff subsequently sued the defendant for the conversion of such stock, and on a motion to vacate an order of arrest which

he had obtained admitted that he had executed the assignment and power of attorney, and that he had hastily glanced over it before executing it, and had then had full opportunity for examining it, but alleged that false representations had been made to him as to the contents thereof : *held*, that upon the motion to vacate an order of arrest the plaintiff must be held bound by written agreements signed by him after full opportunity for examination, and that as these papers showed that the acts of the defendant in regard to the stock certificates had been only according to the authority given him by the plaintiff that the order of arrest should be vacated.

APPEAL from an order made by this court at special term, vacating an order of arrest.

The facts are stated in the opinion.

*H. C. Gardiner*, for appellants.

*R. B. McMaster*, for respondent.

BEACH, J.—The action was brought to recover damages for the alleged conversion by the defendant of stock shares of the Broadway Underground Railway, claimed to have originally belonged to the plaintiff Dixon, he having, in January, 1879, assigned to his co-plaintiff Reynolds a portion of all claims and demands held by him against the defendant for the alleged conversion. The defendant was the president and a trustee of said corporation from its organization, having been chosen at the first meeting of the trustees, held September 2d, 1868, when the plaintiff Dixon was also elected secretary, having succeeded to the rights of J. Netto Burns, one of the grantees named in the Act of the Legislature, passed June 1st, 1868, which was the inception of the existing corporation. By this act the grantees named were given liberty to organize as a corporation under the law of February 18th, 1848, which was done in August, 1868, under the name of the "Beach Pneumatic Transit Company," and certificates filed in the offices of the clerk of the city and county of New York and the Secretary of State. At a meeting of the grantees held August 26th, 1878, the plaintiff Dixon, acting as secretary, was named as one of the trustees of the corporation and one of the persons to execute the needful certificates. Resolutions were then

passed for the payment to the original grantees or their assigns of five millions paid-up stock of the corporation (for the transfer of their powers and privileges), two millions thereof to be held by the president for the benefit of the organization, the balance to be apportioned. It was further resolved, that no actual issue of apportioned stock should take place until the trustees so determined, but certificates should be issued to the grantees of the apportionment and the number of shares to each. For a part of the apportionment to the plaintiff Dixon a certificate of 1765 shares, numbered 16, was filled in with his name, which remains in the company's stock-book, and appears never to have been in his manual possession. He remained secretary of the company from its organization until September, 1878. By a written instrument under seal, executed by him and the defendant and one Bernard Kelly, they severally sold, assigned and transferred to the company the stock standing in their several names, and appointed the president of the company their individual attorney to make the necessary transfers, each reserving one hundred shares of the stock. Under this ample authority on the same date the defendant, as president of the corporation, endorsed upon the back of the certificate number 16 an assignment of the stock to the company, less the reserved one hundred shares, and the then secretary of the company, F. C. Beach, endorsed upon the face of the certificate, under date of October 5th, its cancellation purporting to be by order of the president and trustees. The above facts constitute the claimed conversion for which the defendant was arrested in the action. The arrest was vacated on motion by the court below, and this appeal on behalf of the plaintiff is from that order.

It is needless to consider in deciding this appeal the plaintiff Dixon's transfer of his stock, made by the instrument dated May 12th, 1872, and the proceedings under it, because the same was canceled by the resolution passed April 26th, 1873, at a meeting of the trustees attended by him. The fact of such occurrence seems to be without weight save as affecting the probability of the subsequent

and similar proceeding, and it is sufficient to remark upon the allegations of the plaintiff's affidavit, alleging discrepancies in dates, the falsification and fabrication of the minutes of meetings of the trustees, that the attacks upon the record rest mainly upon the unsupported affidavit of the plaintiff Dixon ; and however strongly he may be supported by other evidence upon a trial of the issues, we are bound in this proceeding to rely upon the sworn official records of the trustees' meetings.

The plaintiff Dixon became a stockholder in the company by virtue of his proprietary interest in its franchise and property, and not from the issuing of any certificate of stock, which is a mere evidence of that interest and its extent. (*Burr* v. *Wilcox*, 22 N. Y. R. 551 ; *Agricultural Bank* v. *Burr*, 24 Maine R. 256; *Ellis* v. *Bridge Proprietors*, 2 Pick. 243.) Under this principle the discussion of the questions relative to the certificate and its delivery is unnecessary, though it seems from the record that the plaintiff never had it in manual possession. His rights as a stockholder could not be prejudiced by the unauthorized act of any one, and the transfer of his shares, whether or not represented by a certificate under the authorities cited, could only be made by himself or his agent duly authorized, and in accordance with the by-laws of the corporation upon that subject, if any existed, and if not, in some method legally producing a transfer of his interest. The first statement endorsed upon the certificate, which is claimed by the appellant to have destroyed its utility and value, is the one signed by the defendant as president of the company, certifying that the shares are of the stock relinquished to the company by the instrument of March 12th, 1872, which bears the signature and seal of the plaintiff Dixon individually and as assignee and attorney of three other persons. Whether or not the certificate was in being at that date is immaterial, for the transfer was afterwards annulled ; and were the plaintiff's right to stock certificates or the claimed conversion by the defendant evidenced only by that fact further litigation of this action would be useless, for the

corporation in proper proceedings might be compelled to issue a new certificate. For that reason the plaintiff's rights and the defendant's liability must depend upon the instrument dated January 27th, 1877, and the second endorsement upon the certificate under that date. · Granting, for the purpose of the argument, that the stock was issued to the plaintiff Dixon, and that fact under the circumstances to include in law a sufficient delivery, the execution by him of the instrument of that date fully warrants the disposition of the motion made by the learned justice in the court below. By it the plaintiff Dixon sold his stock to the corporation, except one hundred shares, appointing the president of the company (the defendant Beach) his attorney to make all necessary transfers upon the books. He admits signing the paper and returning it to the defendant, adding that he hastily glanced over it. Whatever representations may have been made to him at that time of its contents, even though false, would be immaterial under this admission. He had it in his possession, with full opportunity for examination before signing and executing it; thereafter, he is held to its contents and effect. This inspection, however slight, in no degree impairs its efficacy or validity. The second endorsement upon the stock certificate is of the same date, and was, presumably, then made. From its face it was executed by the defendant under the authority given by the assignment, and transfers to the corporation sixteen hundred and seventy-five shares of the plaintiff Dixon's stock, being signed by the defendant as president and Dixon's attorney. This is an exercise of the precise authority conferred by the paper of January 27th, 1877, upon the president of the company, and had it been executed by him individually would have been beyond his power and ineffectual. The principle that an act done by an officer of a corporation, to be official, must be within the scope of his power in transacting the business of the corporation, is undoubted, and has been often affirmed in a class of cases where it was sought to bind the corporation by such acts. (*The Fulton Bank* v. *N. Y. and Sharon Canal Company*, 4 Paige, 127 ; *Boom* v. *City of*

*Utica*, 2 Barb. 104.) But the question of corporate liability does not arise here. The power conferred by the plaintiff Dixon was to the president of the Broadway Underground Railway Company, and was executed by that official as the plaintiff Dixon's attorney, and he is estopped by his own authorization from claiming that the instrument signed in accord with the power delegated by him imposed a personal responsibility upon that official, and also of questioning the power to do an act the performance of which he himself authorized and requested.

Whatever evidence may be given upon the trial of the action affecting these views and changing the legal results of the acts appearing by the records to have been done under the authorization of written instruments, it is sufficient that their present existence substantially unexplained made the order of the court below vacating the order of arrest eminently proper, and it should be affirmed.

JOSEPH F. DALY and VAN BRUNT, JJ., concurred.

Order affirmed.